```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


CHRISTOPHER HUGHES, and        §
BRIAN HAMELINK,                §
                               §
     Plaintiffs,               §
                               §
v.                             §    CIVIL ACTION NO. H-07-0671
                               §
JOSEPH H. SAMS,                §
                               §
     Defendant.                §
```

MEMORANDUM AND ORDER

This case arises out of the windup of a partnership, BFM ("the Partnership"), and the resulting liabilities of the Partners. Pending are Plaintiffs Christopher Hughes and Brian Hamelink's Motion for Summary Judgment (Document No. 30) and Defendant Joseph H. Sams's Motion for Partial Summary Judgment (Document No. 31). After having considered the motions, responses, replies, the applicable law, and having heard oral arguments at length from both sides on October 21, 2008, the Court concludes as follows.

I.  Standard of Review

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must

"demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). "If, on the other hand, the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule

2

56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

In order to withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S. Ct. at 2552. If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted. Id.

## II.  Discussion

A.  Defendant's Liability, Moot "Counterclaims," and Business Disparagement/Defamation Counterclaim

Plaintiffs move for summary judgment that Defendant is liable for the negative value of his capital account and for 20% of the Partnership's losses and ongoing obligations, leaving the amount of which to be determined at trial. See Document No. 30 at 4-5. Defendant does not contest that he owns a 20% interest in the Partnership and is responsible under the Partnership Agreement for his respective share of losses and ongoing obligations.

*See* Document No. 33 at 3. Whether there is a negative value in Defendant's capital account depends upon proof of a number of disputed items arising out of the conduct and dissolution of the Partnership. Plaintiffs' motion for summary judgment that there is a negative value in Defendant's capital account is DENIED.

Plaintiffs have also moved for summary judgment on a series of so-called "counterclaims," which Defendant stated in open Court are not actual claims of Defendant and thus are not in dispute. *See* Document No. 30 at 5-25. These "counterclaims" challenged by Plaintiffs are numbered and listed under subtitles in Plaintiffs' Motion for Summary Judgment as follows:

   3.  Sales Tax Liability

   5.  Salary Subsequent to Sams's Departure as Day-to-Day Manager of BFM

   6.  Removal as Managing Partner

   8.  Sale of Partnership Property

   9.  Purchase of Former Partner's Share of BFM

   10. Partnership Loans

   12. Misleading a Primary Note Holder

Id. at i. Given Defendant's representation that the above listed items are not matters at issue and that Defendant is not asserting these claims attributed to Defendant by Plaintiffs, Plaintiffs' requests for summary judgment on these items are all DENIED AS

4

MOOT.  Defendant will be bound by these concessions at the time of trial.

Plaintiffs' request for summary judgment on Defendant's Business Disparagement/Defamation counterclaim is not opposed by Defendant, who conceded in oral argument that the claim is barred by limitations.  Accordingly, Plaintiffs are granted summary judgment that Defendant take nothing on Defendant's Business Disparagement/Defamation counterclaim.

B.   Collateral Agreement

Plaintiffs move for summary judgment on Defendant's counterclaim that an alleged oral agreement between the Partners--which predated the Partnership Agreement--required Defendant to receive a salary of at least $120,000 to $140,000, contending that the purported oral agreement violates the parol evidence rule.  *See* Document No. 30 at 7-10.  Defendant contends that the doctrine of promissory estoppel requires the alleged oral agreement to be honored, or, in the alternative, that the alleged oral agreement was collateral to the Partnership Agreement and therefore is not barred by the parol evidence rule.[1]  *See* Document No. 33 at 3-8.

---

[1] "[P]romissory estoppel is ordinarily unavailable where, as here, a written contract between the parties exists which governs the subject matter of the promise." Kneip v. Unitedbank-Victoria, 734 S.W.2d 130, 133 (Tex. App.--Corpus Christi 1987), *aff'd*, 774 S.W.2d 757 (Tex. 1989).

Under Texas law, a collateral agreement is not barred by the parol evidence rule. *See e.g.*, Transit Enter. v. Addicks Tire & Auto Supply, Inc., 725 S.W.2d 459, 461 (Tex. App.--Houston [1st Dist.] 1987, no writ). In Texas, "[u]nder the parol evidence rule, if the parties have integrated their agreement into a single written memorial, all prior negotiations and agreements with regard to the same subject matter are excluded from consideration, whether they were oral or written." Baroid Equip., Inc. v. Odeco Drilling, Inc., 184 S.W.3d 1, 13 (Tex. App.--Houston [1st Dist.] 2005, pet. denied). "The rule is particularly applicable when the written contract contains a recital that it contains the entire agreement between the parties or a similarly-worded merger provision." Id. (citing Weinacht v. Phillips Coal Co., 673 S.W.2d 677, 679 (Tex. App.--Dallas 1984, no writ)). "Evidence violating the parol evidence rule has no legal effect and 'merely constitutes proof of facts that are immaterial and inoperative.'" Id. (quoting Piper, Stiles & Ladd v. Fid. & Deposit Co., 435 S.W.2d 934, 940 (Tex. App.--Houston [1st Dist.] 1968, writ ref'd n.r.e.). However, Texas law recognizes an exception to the parol evidence rule where the parol evidence goes to proving the existence and terms of a collateral agreement:

> (1) An oral [collateral] agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same

>subject-matter, if the agreement is not inconsistent with the integrated contract, and
>
>(a)   is made for separate consideration, or
>
>(b)   is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.

Hubacek v. Ennis State Bank, 317 S.W.2d 30, 32 (Tex. 1958); Transit Enter., 725 S.W.2d at 461. The collateral agreement exception "does not permit parol evidence that varies or contradicts either the express terms or the implied terms of the written agreement." DeClaire v. G&B Mcintosh Family Ltd. P'ship, 260 S.W.3d 34, 45 (Tex. App.--Houston [1st Dist.] 2008, no pet. h.) (citing Hubacek, 317 S.W.2d at 31).

Paragraph 3.01 of the Partnership Agreement provides:

>JOE H. SAMS shall be entitled to an annual salary of $60,000.00 . . . , payable monthly. The[] salar[y] shall be paid to [Sams] in addition to any income [he] *may* receive as [a] Partner[] of the Partnership. For [his] salar[y], . . . Joe Sams [is] to manage the day-to-day operations of the BFM printing business in Houston, Texas. Vacation and Sick leave and other compensation and benefits to be paid or provided to [him] shall be determined *in writing* by a majority of the Partners.

Partnership Agreement ¶ 3.01 (emphases added). Plaintiffs argue that the foregoing Paragraph, combined with the merger clause at Paragraph 5.04, precludes Defendant from claiming a salary in excess of $60,000. Defendant argues, however, that under Paragraph 3.01, this salary is simply the portion of Defendant's compensation

for his management of "the day-to-day operations of the BFM printing business." The clause goes on to provide that "other compensation and benefits" will be paid to him as determined in writing by a majority of the Partners. Id. The deposition testimony is inconsistent--sometimes inquiring about the promise made to Defendant for "compensation" equivalent to that made at his former company, and at other times referring to "salary." *See, e.g.*, Document No. 33, ex. 2 (Sams Depo.) at 31-34. It may be that a separate agreement for Defendant to receive "compensation" in addition to his $60,000 salary earned as a manager would be a collateral agreement not inconsistent with Paragraph 3.01. It is inconsistent with Paragraph 3.01, however, that any such separate agreement for Defendant to receive additional compensation not be in writing. *See* Partnership Agreement ¶ 3.01. Defendant has failed to raise a genuine issue of material fact that the Partners' putative agreement that Defendant's compensation would be at least $120,000 per year was ever reduced to writing. Moreover, even if such a compensation arrangement were accepted as a collateral agreement, it must be supported by separate consideration. *See* Hubacek, 317 S.W.2d at 32. Defendant has provided no proof to raise a fact issue that separate consideration was provided for this ostensible promise of a salary equal to $120,000 to $140,000.

Accordingly, Plaintiffs are granted summary judgment that Defendant take nothing on Defendant's claim of an oral agreement for a salary of at least $120,000 to $140,000 per annum.

C. <u>Allocation of 2003 Income, 2005 Lease, Jaguar Construction Litigation, Voluntary Capital Contributions</u>

Plaintiffs move for summary judgment on Defendant's claim that the Partnership, in violation of Paragraph 2.12 of the Partnership Agreement, made a disproportional allocation of 2003 Partnership income to Defendant when it attributed to Defendant all of the income of the Partnership in that year, a sum of approximately $91,000.  *See* Document No. 30 at 11-12.  Plaintiffs argue that they are entitled to judgment because Defendant has not provided proof of any damages sustained by him as a result of that allocation. The summary judgment evidence includes an IRS Schedule K-1 form attributing the Partnership income entirely to Defendant, which, viewed in a light most favorable to Defendant, is sufficient at least to raise a fact issue on whether he was damaged by being required to pay income taxes on income that properly should not have been attributed to him.  *See* Document No. 31, ex. 2 (K-1).  On this claim, Plaintiffs' motion for summary judgment is DENIED. Likewise, because Defendant has not made proof of what portion of the allocation to him was excessive, and has not made proof of the quantum of damages sustained by Defendant, Defendant's request for summary judgment on this claim is also DENIED.

9

Genuine issues of material fact remain with respect to the parties' cross-motions for summary judgment on whether Plaintiffs violated the Partnership Agreement by entering into a commercial lease agreement in 2005 without unanimous consent of the Partners, one fact issue being whether such act was or was not taken in the ordinary course of the Partnership business.  Moreover, there are fact issues with respect to whether there was a violation of the duty of care by entering into such a lease agreement under the business circumstances that the Partnership then confronted. Likewise, genuine issues of fact preclude summary judgment on Defendant's claim that Plaintiffs breached their duty of care in dismissing their prosecution of the Partnership claim against Jaguar Construction, which arises out of the disputed 2005 commercial lease agreement.

Genuine issues of material fact preclude summary judgment as well on Defendant's claims that Plaintiffs made unauthorized voluntary capital contributions to the Partnership.

### III.  Order

Accordingly, it is

ORDERED that Plaintiffs Christopher Hughes and Brian Hamelink's Motion for Summary Judgment (Document No. 30) is GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiffs are GRANTED summary judgment that Defendant take nothing on Defendant's

counterclaims for "Business Disparagement/Defamation," and "Oral Agreement Regarding Salary"; Plaintiffs' motion is DENIED AS MOOT as to Defendant's non-asserted "counterclaims" for Sales Tax Liability, Salary Subsequent to Defendants's Departure as Day-to-Day Manager of BFM, Removal as Managing Partner, Sale of Partnership Property, Purchase of Former Partner's Share of BFM, Partnership Loans, and Misleading a Primary Note Holder, and the matters raised in those items shall not be raised at trial by Defendant; and Plaintiffs' Motion for Summary Judgment is in all other respects DENIED.  It is furthered

ORDERED that Defendant Joseph H. Sams's Motion for Partial Summary Judgment (Document No. 31) is DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 24th day of October, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE